AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____  District of  _____Delaware_____

UNITED STATES OF AMERICA
V.
Richard Adjei
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  06-43M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAY 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence: As a result of the evidence below, the court finds that defendant is a risk of flight.

1. Defendant used other peoples' Ids to file false tax returns and did so through the use of various names and addresses. He had in his possession and used false Ids for himself to evade detection.
2. The government's evidence is significant as contained in the 14 page affidavit. During search of defendant's location, investigators found thousands of patient files/records from which defendant obtained SS# and addresses to allegedly use in his scheme.
3. Although defendant is a naturalized citizen and changed his name from Johnson Agyeman to Richard Adjei, he continued to maintain accounts and records in his former name. He has also used another name not related to his given and naturalized name Abubakar Adeyi. Although the court could accept that defendant may have maintained accounts in his former name for convenience, the use of the surname of Adeyi is completely unexplained. Moreover, fo this third name, defendant maintains an address in the Bronx, despite having moved to DE months ago for employment purposes.
4. The alleged amount of the false tax returns is $347,000 and allegedly 120 false returns were filed by defendant.
5. Defendant has no family in DE. His parents live in Ghana. His girlfriend and brother reside in NY along with his son. At the time of the hearing, his son was visiting his grandparents in Ghana. Although his wife lives with him in De, she works in NY.
6. A bench warrant was issued in NY for failure to appear in October 2005 and defendant was returned on the warrant in January 2006. The above shows that defendant has the means, ability and wherewithall to change his identity at will.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 1, 2006 | *[signature]* |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).